IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00959-BNB

KIMBERLY VELEZ,

    Plaintiff,

v.

D.W.C.F. MEDICAL NURSE DORA,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Kimberly Velez is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. She has submitted to the Court a *pro se* Prisoner Complaint alleging that Defendant Medical Nurse Dora failed to address her medical needs. The Court must construe the Complaint liberally because Ms. Velez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Ms. Velez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), a court must dismiss a complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous.

In the Complaint, Ms. Velez alleges that on April 4, 2008, she suffered from pain in her knee and dizziness from the medication she had been given. She also asserts that she asked Officer Hopkins to call someone from the medical department and that Defendant Dora came to see her. Plaintiff further states that Defendant Dora told her to drink water for the dizziness but failed to address her complaint about her knee. Ms. Velez also states that after Defendant Dora left she asked Officer Hopkins to call medical personnel again about her knee and that Officer Hopkins called, but Defendant Dora refused to see her. Plaintiff alleges that she was never seen by medical personnel for the pain in her knee on April 4, 2008. Ms. Velez seeks money damages.

Although Ms. Velez does not indicate on Page Three of the Complaint form the jurisdiction for her claim, the Court finds that she is attempting to assert a claim pursuant to 28 U.S.C. § 1983. She is challenging the conditions of her confinement and specifically asserts a violation of her rights to medical treatment.

The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if [she] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Mere negligence does not violate

2

the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Even if a defendant's actions amounted to gross negligence, the constitutional claim still must be dismissed, because deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990). Furthermore, *de minimis* infringements of constitutional rights are not actionable under 42 U.S.C. § 1983. *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979).

Ms. Velez's factual allegations will not support a claim of deliberate indifference. Plaintiff does not assert that she has had continued effects from the pain she experienced in her knee on April 4, 2008. She also does not assert that she attempted but has been denied access to medical personnel after Defendant Dora refused to see her on the one occasion on April 4, 2008. Plaintiff's allegations support no more than a *de minimis* claim of physical injury. The Court finds that an Amended Complaint would not cure the deficiency in Ms. Velez's claim. Therefore, Ms. Velez's claim will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 16 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-0959-BNB

Kimberly Velez
Reg. No. 137716
Denver Women's Correctional Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk